```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      JACKSON DIVISION
```

**SUSAN BILSKY**                                                                 **PLAINTIFF**

**VS.**                                **CIVIL ACTION NO. 3:05CV69-WHB-AGN**

**KENWORTH OF JACKSON, INC.**                                 **DEFENDANT**

### OPINION AND ORDER

This cause is before the Court on the Motion for Summary Judgment of Defendant Kenworth of Jackson, Inc. Having considered the Motion for Summary Judgment, to which Plaintiff Susan Bilsky failed to respond, the Court finds that the Motion is well taken and should be granted.

**I. Factual Background and Procedural History**

This cause of action arises out of alleged gender discrimination suffered by Plaintiff, a female. Plaintiff alleges that Defendant hired her as a part time diesel mechanic, then rescinded the offer before she reported to work. Plaintiff contends that the sole reason that the offer was rescinded is because she is a female. Defendant, of course, denies this contention. Defendant avers that the job was rescinded because the mid-level manager who made the offer was not aware that an organizational restructuring / downsizing had been initiated. When upper management learned that Plaintiff had been made a job offer,

Defendant alleges that the offer was rescinded pursuant to the constraints of the organizational downsizing.

Aggrieved by her lost job opportunity, Plaintiff filed the subject gender discrimination suit under Title VII of the Civil Rights Act of 1964. The case was filed in the Circuit Court of the First Judicial District of Hinds County, Mississippi on January 10, 2005, and subsequently removed to this Court on January 31, 2005. The subject Motion for Summary Judgment was filed on November 14, 2005. Plaintiff failed to respond to the Motion and the time limit for filing a response has expired.[1] The Court must therefore proceed with deciding the Motion.

## II.  Analysis

The Court notes that ordinarily, a motion may be granted as unopposed if a party fails to submit a response to the motion. Rule 7.2(C)(2) of the Uniform Local Rules of the United States District Courts for the Northern and Southern Districts of Mississippi. However, if the motion in question is for summary judgment, a court must consider the motion on the merits, regardless of whether the opposing party responds. Id. Under the standard set forth in Local Rule 7.2(C)(2), the Court must consider Defendant's Motion for Summary Judgment on the merits.

---

[1] Plaintiff asked for and was granted an extension until December 22, 2005, to file a Response to the Motion. See unnumbered docket entry dated December 1, 2005. Plaintiff nevertheless failed to file her Response.

A claim of employment discrimination can be proven through direct evidence or circumstantial evidence.  However, proving discrimination through direct evidence is difficult in most cases. <u>Crawford v. Formosa Plastics Corp., Louisiana</u>, 234 F.3d 899, 902 (5th Cir. 2000)(citation omitted).  Therefore, in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), the United States Supreme Court set forth a standard by which to analyze discrimination claims based on circumstantial evidence. <u>Reeves v. Sanderson Plumbing Prods., Inc.</u>, 530 U.S. 133, 142, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000)(citation omitted); <u>Evans v. City of Houston</u>, 246 F.3d 344, 350 (5th Cir. 2001).  This standard is known as the "<u>McDonnell Douglas</u> burden shifting analysis," or simply the "<u>McDonnell Douglas</u> analysis."

The first step in the <u>McDonnell Douglas</u> analysis is proof of a *prima facie* case of discrimination by the plaintiff.  The tests for proving a *prima facie* case vary slightly depending on the type of discrimination alleged.  However, each of the groups of tests is based on minor variations of the following four factors: (1) the plaintiff must be a member of a group protected by employment discrimination law of some type; (2) the plaintiff must be qualified for the employment position in question; (3) the plaintiff must have suffered an adverse employment action, i.e., the plaintiff was not hired or promoted, or the plaintiff was fired or demoted; and (4) someone outside of the plaintiff's protected

3

class must have filled the employment position in issue. Price v. Fed. Express Corp., 283 F.3d 715, 720 (5th Cir. 2002)(citation omitted). "[E]stablishment of a *prima facie* case creates a rebuttable presumption that the employer unlawfully discriminated against the employee." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir. 2004)(citation omitted).

If the plaintiff establishes a *prima facie* case of discrimination, then under McDonnell Douglas the burden shifts to the employer to "articulate a legitimate, nondiscriminatory reason" for the employment decision in issue. Patrick, 394 F.3d at 315 (citation omitted). If the employer meets the burden of articulating a nondiscriminatory reason for its employment decision, then the presumption of discrimination created by plaintiff's *prima facie* case is nullified, and the inquiry becomes more fact specific. Patrick, 394 F.3d at 315 (citation omitted). At this point, the McDonnell Douglas scheme shifts the burden back to the plaintiff to "show that the employer's putative legitimate, nondiscriminatory reason was not its real reason, but was merely a *pretext for discrimination*." Id. (emphasis added; citation omitted).

Regarding Plaintiff's *prima facie* case in the subject cause, Defendant admits that the first three elements are met. That is, Plaintiff is a member of a group protected by employment discrimination law, Plaintiff is qualified for the employment

4

position in question, and Plaintiff suffered an adverse employment action.  In issue is whether the position in question was filled by someone outside of Plaintiff's protected group; i.e., whether the position was filled by a male.

In her deposition, Plaintiff admits that she is unaware of any male applicants who filled the specific part time mechanic position in question. Plaintiff's Depo. Transcript, p. 59, attached as Exhibit "C" to Motion for Summary Judgment.  Defendant acknowledges that several months after Plaintiff's job offer was rescinded, business picked up and a male applicant was hired to a full-time mechanic position.  However, Defendant alleges that the position required, and was filled by a person with previous on-the-job experience.[2]  That is, according to Defendant, the position filled by the male mechanic was substantially different from the position offered to Plaintiff.

The Court has no evidence before it in rebuttal to Defendant's allegations.  The Court must therefore find that Plaintiff has failed to prove her *prima facie* case of discrimination, because she has not proven that a male was hired into the specific position in issue.  Accordingly, Defendant's Motion for Summary Judgment must be granted.

---

[2]It is undisputed that Plaintiff had no on-the-job experience as a mechanic.  Her qualifications were based solely on her associates degree in diesel mechanics from Hinds Community College. It is also undisputed that the position offered to Plaintiff was a part time position.

### III.  Conclusion

Based on the holdings presented above:

IT IS THEREFORE ORDERED that the Motion for Summary Judgment of Defendant Kenworth of Jackson, Inc. (docket entry no. 29) is hereby granted.  A Final Judgment which dismisses this case with prejudice will be entered.

SO ORDERED this the 23rd day of January, 2006.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE

tct