```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    JACKSON DIVISION
```

**SUSAN BILSKY**                                                **PLAINTIFF**

**VS.**                                   **CIVIL ACTION NO. 3:05CV69-WHB-AGN**

**KENWORTH OF JACKSON, INC.**                                   **DEFENDANT**

## OPINION AND ORDER

This cause is before the Court on the Motion for Summary Judgment of Defendant Kenworth of Jackson, Inc. (hereinafter "Kenworth"). Having considered the Motion for Summary Judgment, the Response and the Rebuttal, as well as supporting and opposing authority, the Court finds that the Motion is not well taken and should be denied.

### I. Factual Background and Procedural History

This cause of action arises out of alleged gender discrimination suffered by Plaintiff, a female. Plaintiff alleges that Defendant hired her as a part time diesel mechanic, then rescinded the offer before she reported to work. Plaintiff contends that the sole reason that the offer was rescinded is because she is a female. Defendant, of course, denies this contention. Defendant avers that the job was rescinded because the mid-level manager who made the offer was not aware that an organizational restructuring / downsizing had been initiated. When upper management learned that Plaintiff had been made a job offer,

Defendant alleges that the offer was rescinded pursuant to the constraints of the organizational downsizing.

Aggrieved by her lost job opportunity, Plaintiff filed the subject gender discrimination suit under Title VII of the Civil Rights Act of 1964.  The case was filed in the Circuit Court of the First Judicial District of Hinds County, Mississippi on January 10, 2005, and subsequently removed to this Court on January 31, 2005.  The subject Motion for Summary Judgment was filed on November 14, 2005.  That Motion is now ripe for consideration.

## II.  Analysis

A claim of employment discrimination can be proven through direct evidence or circumstantial evidence.  However, proving discrimination through direct evidence is difficult in most cases. Crawford v. Formosa Plastics Corp., Louisiana, 234 F.3d 899, 902 (5th Cir. 2000)(citation omitted). Therefore, in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), the United States Supreme Court set forth a standard by which to analyze discrimination claims based on circumstantial evidence. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 142, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000)(citation omitted); Evans v. City of Houston, 246 F.3d 344, 350 (5th Cir. 2001).  This standard is known as the "McDonnell Douglas burden shifting analysis," or simply the "McDonnell Douglas analysis."

The Court initially notes that if a plaintiff sets forth direct evidence of discrimination, then the McDonnell Douglas analysis is inapplicable. Fabela v. Socorro Indep. Sch. Dist., 329 F.3d 409, 415 (5th Cir. 2003)(citations omitted).  In this case, Plaintiff Bilsky has asserted direct evidence of gender discrimination.  The direct evidence is in the form of Plaintiff's deposition testimony that Doug Conner, the Kenworth employee who offered Plaintiff a job, initially stated that "he was currently scared to hire me because I was a female because they had never hired a female in that shop before and would not know how the other technicians would take it." Pages 38-39 of Plaintiff's deposition testimony, attached as Exhibit "A" to Response to Motion for Summary Judgment.  Plaintiff also stated "Connor had telephoned me and stated to me on the phone that they were not able to hire me at that time because their insurance would not cover me with no female facilities inside the shop." Id. at 51.

Defendant contends that the above statements do not constitute direct evidence of gender discrimination because they were merely "stray remarks" which were not made by the ultimate employment decision maker.  The basis of Defendant's arguments on this issue is summarized in Zhong v. Tallahatchie Gen. Hosp. and Extended Care Facility, No. 2:98CV44-JAD, 199 WL 33227442 (N.D. Miss. Sept. 28, 1999).

> When discriminatory comments are vague and remote in time and administrative hierarchy, they are no more than

3

> "stray remarks," insufficient to establish a pretext to discriminate. <u>Guthrie v. Tifco Indus.</u>, 941 F.2d 374, 379 (5th Cir.1991), <u>cert. denied</u>, 503 U.S. 908, 112 S.Ct. 1267, 117 L.Ed.2d 495 (1992). To rise above the level of a stray remark and constitute direct evidence of discrimination, a remark must: (1) *<u>be made by the decision maker or one whose recommendation is sought by the decision maker</u>*; (2) be related to the specific employment decision challenged; and (3) be made close in time to the decision. <u>Turner v. North American Rubber, Inc.</u>, 979 F.2d 55, 59 (5th Cir.1992).

<u>Id.</u> at *2 (emphasis added).

Defendant in the case *sub judice* contend that Bob Conner, the president of Kenworth, possesses the sole authority to hire employees. Therefore, contends Defendant, the statements allegedly made by Doug Connor cannot be construed as direct evidence of discrimination because he was not the decision maker. This argument is without merit because even if Doug Conner had no hiring authority, he was a person whose employment recommendation was sought by Bob Conner, the ultimate decision maker. <u>See</u> Page 10 of Bob Conner's deposition testimony, attached as Exhibit "F" to Motion for Summary Judgment (stating that Doug Conner "has the authority to interview and start the process, but certainly as president, I've got the final say-so").

The Court accordingly finds that the <u>McDonnell Douglas</u> analysis does not apply in this case because Plaintiff has produced direct evidence of alleged discriminatory statements made by Doug Conner, one whose employment recommendations were made to Bob Conner, the ultimate decision maker. <u>See</u> <u>Zhong</u>, 199 WL 33227442 at

*2. The Court further finds that said evidence raises genuine issues of material fact in this case, which requires the denial of Defendant's Motion for Summary Judgment.

### III.  Conclusion

Based on the holdings presented above:

IT IS THEREFORE ORDERED that the Motion for Summary Judgment of Defendant Kenworth of Jackson, Inc. (docket entry no. 29) is hereby denied.

SO ORDERED this the 17th day of March, 2006.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE

tct